OPINION *Page 2 
{¶ 1} Defendant-appellant Raymond Murray appeals his conviction and sentence from the Richland County Court of Common Pleas on one count of harassment by an inmate. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 8, 2006, the Richland County Grand Jury indicted appellant on one count of harassment by inmate in violation of R.C.2921.38(B), a felony of the third degree. At his arraignment on April 18, 2006, appellant entered a plea of not guilty to the charge.
 {¶ 3} Thereafter, a jury trial commenced on October 19, 2006. At the trial, Robert Blanton, the director of food services at Richland Correctional Institution, testified that he was working on July 12, 2005 when an incident took place involving appellant, an inmate. Blanton testified that appellant was working in the kitchen as a porter and that, as part of his job, appellant would remove filled trash cans from the kitchen. According to Blanton, appellant picked up a broom and began swinging it at two trash cans filled with empty applesauce cans, knocking the two cans to the floor.
 {¶ 4} Blanton further testified that he then asked appellant to come back to his office. When appellant was questioned about his conduct, appellant, according to Blanton, became "aggressive and he was rude verbally. He refused to give me information that I needed in order to write the conduct report." Transcript at 27. As a result of appellant's swearing and behavior, Blanton called for Corrections Officer Lonnie Mitchell to handcuff appellant. *Page 3 
 {¶ 5} Corrections Officer Mitchell testified that appellant was handcuffed without incident and that he then had appellant sit at a table in the dining hall so that they could contact a yard officer to come and get appellant since Officer Mitchell could not leave his post. At the time, Corrections Officer Webb and Corrections Officer Adkins were present. The following is an excerpt from Corrections Officer Mitchell's testimony at trial:
 {¶ 6} "Q. Okay. And you indicate you told him [appellant] to have a seat, sit down. You start to walk away?
 {¶ 7} "A. Right.
 {¶ 8} "Q. Then what happens?
 {¶ 9} "A. Then I don't know which officer, whether Webb or Adkins, heard him say, you know, Mitchell told you to be seated, you need to take a seat. At that time, I turn back around, and Murray was standing up, and Adkins and Webb was walking over towards him. They were about . . . Well, the tables are probably 3 foot away. Right at the other table. And that is when Murray spit on Officer Webb.
 {¶ 10} "Q. And did you observe where the spit went?
 {¶ 11} "A. Yeah.
 {¶ 12} "Q. And where on your recollection is it that he is struck with the spit?
 {¶ 13} "A. Right in his chest, about the center of his chest there, and I think some hit him in the waistline." Transcript at 47-48.
 {¶ 14} Corrections Officer Mitchell testified that he and Corrections Officer Webb then grabbed appellant, who was struggling and swearing, and took him outside and *Page 4 
placed him on the wall. As a result of his struggle with appellant, Corrections Officer Mitchell was scratched on his arm and his wrist.
 {¶ 15} Corrections Officer Webb testified at trial that, when he arrived on the scene, appellant was arguing with Corrections Officers Mitchell and Adkins and that appellant stood up and spit on his shirt when he told appellant to shut up until the yard officer came and got him. During the ensuing struggle with appellant, Officer Webb was scratched on his wrist.
 {¶ 16} At trial, Brian Cain, a registered nurse who is the health care administrator for Richland Correctional Institution, testified that appellant had been diagnosed with Hepatitis C in 2004. Trooper Kevin Smith of the Ohio State Highway Patrol, who had been assigned to investigate the incident in this case, testified at trial that, when asked if he knew that he had Hepatitis C, appellant responded in the affirmative. Trooper Smith further testified that appellant admitted spitting on Corrections Officer Webb, but claimed that Corrections Officer Webb had provoked the attack by, among other matters, saying that appellant's mother "sucked his dick." Transcript at 104. Both Corrections Officer Mitchell and Corrections Officer Webb testified at trial that they did nothing to provoke appellant.
 {¶ 17} On October 20, 2006, the jury found appellant guilty of harassment by an inmate. Pursuant to a Sentencing Entry filed the same day, appellant was sentenced to four (4) years in prison. The trial court, in its entry, further ordered appellant's sentence to be served consecutively to all other cases.
 {¶ 18} Appellant now raises the following assignment of error on appeal: *Page 5 
 {¶ 19} "TRIAL COUNSEL'S FAILURE TO OBJECT TO INADMISSIBLE, INFLAMMATORY TESTIMONY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL TO APPELLANT AND PREJUDICED HIS RIGHT TO A FAIR TRIAL."
 I {¶ 20} Appellant, in his sole assignment of error, argues that he received ineffective assistance of trial counsel. Appellant specifically contends that his trial counsel's failure to object to "inadmissible, inflammatory testimony" constituted ineffective assistance of counsel and prejudiced his right to a fair trial. We disagree.
 {¶ 21} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 22} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 23} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a *Page 6 
reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 24} Appellant, in the case sub judice, specifically takes issue with the following excerpt from Corrections Officer Webb's testimony:
 {¶ 25} "Q. Mr. Webb, did it appear from your observations that the defendant was aware of what his — how he was conducting himself?
 {¶ 26} "A. Yes.
 {¶ 27} "Q. Did it appear that he intended to cause a certain reaction from you or other officers?
 {¶ 28} "A. Yes.
 {¶ 29} "Q. And what was that, that he was attempting to do by his behavior?
 {¶ 30} "A. To get under our skin, to irritate us, just to annoy us about it and . . ." Transcript at 76.
 {¶ 31} Appellant also challenges the following testimony from Trooper Smith:
 {¶ 32} "Q. Okay. Taking us back to the circumstance where the inmate was flipping, under his description, flipping cans in the back area of the dining hall, if the circumstance had stopped just at the point where officer or Food Services Manager Blanton asks the inmate, where did you leave your head, and he says, back in the block, if it stops at that point, what is the likely outcome?
 {¶ 33} "A. The likely outcome would have been . . . I would think at most he would have maybe removed him for the morning, maybe sent him to the captain's office. *Page 7 
Or he would have handled it right back there and basically said, you know, don't do that, your job is to prepare food, and that would have ended it." Transcript at 109-110.
 {¶ 34} According to appellant, trial counsel was ineffective in failing to object to the above alleged inadmissible testimony because the Assistant Prosecuting Attorney was asking Corrections Officer Webb leading questions regarding "what knowledge appellant had and what he was thinking" and because the Assistant Prosecuting Attorney "requested her own witness [Trooper Smith] to predict the future."
 {¶ 35} Assuming, arguendo, that appellant is correct and that such testimony was inadmissible, we find that appellant was not prejudiced by admission of the same. Appellant was charged with harassment by an inmate in violation of R.C. 2921.38(B). Such section provided as follows: "No person, with knowledge that the person is a carrier of the virus that causes acquired immunodeficiency syndrome, is a carrier of a hepatitis virus, or is infected with tuberculosis and with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner."[1]
 {¶ 36} In the case sub judice, there was overwhelming evidence of appellant's guilt. There was overwhelming evidence that appellant spit on Corrections Officer Webb with knowledge that he had Hepatitis C. Corrections Officers Mitchell and Webb both testified that appellant, who had Hepatitis C, spit on Corrections Officer Webb. Trooper Smith testified that appellant admitted to spitting on Corrections Officer Webb and also admitted that he knew he had been diagnosed with Hepatitis C. At trial, *Page 8 
appellant himself testified that he knew he had Hepatitis C and that he had been treated for the same before the incident in this matter. The jury reasonably inferred that the spitting was done with intent to harass, annoy, threaten or alarm another person.
 {¶ 37} Based on the foregoing, we concur with appellee that, even if appellant's trial counsel was ineffective in failing to object to the Assistant Prosecuting Attorney's questioning, appellant was not prejudiced. Based upon the overwhelming weight of the evidence against appellant, there is not a reasonable probability that the challenged testimony contributed to appellant's conviction.
 {¶ 38} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 39} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
 Edwards, J. Hoffman, P.J. and Farmer, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Such section has since been renumbered. *Page 1